JUAN CARLOS BECERRIL, Respondent, v SOL CAB CORP. et al., Appellants. [854 NYS2d 695]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 25, 2007, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established a prima facie entitlement to summary judgment by submitting, inter alia, the affirmed report of a radiologist who opined that plaintiff's MRI films revealed degenerative disc disease, and no evidence of post-traumatic injury to the disc structures (*see Montgomery v Pena*, 19 AD3d 288, 289 [2005]). Defendants also submitted plaintiff's deposition testimony, where he stated that he missed no work as a result of his accident.

In opposition, plaintiffs failed to raise a triable issue of fact as to whether he sustained a serious injury. Although plaintiff submitted an affirmed report from his treating chiropractor detailing the objective testing employed during plaintiff's examination and revealing limited ranges of motion, no adequate explanation was provided that plaintiff's injuries were caused by the subject accident (*see Style v Joseph*, 32 AD3d 212, 215 [2006]). Notably, plaintiff conceded at his deposition that he

sustained injuries to his neck and back in a prior accident, and an MRI conducted shortly after the subject accident showed degenerative disc disease. In these circumstances, it was incumbent upon plaintiff to present proof addressing the asserted lack of causation (see *Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007]).

Furthermore, as noted, plaintiff missed no work as a result of the accident, and absent objective medical evidence, his subjective statements that he was limited in his ability to exercise or perform personal maintenance were insufficient to establish a serious injury under the 90/180 day prong of Insurance Law § 5102 (d) (see *Nelson v Distant*, 308 AD2d 338, 340 [2003]; *Lauretta v County of Suffolk*, 273 AD2d 204, 205 [2000], *lv denied* 95 NY2d 770 [2000]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.