■ CANTRESE ALLOWAY, Respondent, v JOSE A. RODRIGUEZ et al., Appellants. [877 NYS2d 325]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 31, 2008, which denied defendant Rodriguez's motion and defendants Hiles's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants met their initial burden of demonstrating the absence of any permanent or significant physical limitation of plaintiff's lumbar or cervical spine by submitting a report from Rodriguez's expert, a neurologist, supported by specific tests indicating that plaintiff had no restrictions in her range of mo-

tion, and stating that there was "no finding of any neurologic residual or permanency based upon her physical examination." In response, plaintiff submitted an affirmation from her treating internist showing that she had a restricted range of motion in both the cervical and lumbar portions of her spine. She also submitted an MRI report showing a cervical bulge and herniation in a lumbar disc. However, the expert's examination and the MRI report were insufficient to raise an issue of fact as to serious injury, as they failed to adequately address, in other than speculative and conclusory terms (*see Innocent v Mensah*, 56 AD3d 379, 380 [2008]), either the radiological findings or the effect of a motor vehicle accident in which plaintiff had previously been involved four years before the subject accident (*see Style v Joseph*, 32 AD3d 212, 214 [2006]).

With respect to the 90/180-day serious injury claim, defendants met their initial burden by relying on plaintiff's deposition testimony stating that she missed only one week of work after the accident, and was not confined to bed for any period afterward. In opposition, plaintiff submitted an affidavit stating she was, in fact, confined to bed for a period of time after the accident. Plaintiff's affidavit clearly contradicts her deposition testimony, and appears to have been tailored to avoid its consequences (*see Blackmon v Dinstuhl*, 27 AD3d 241 [2006]). In any event, plaintiff's subjective claims of pain and a limitation on sports and exercise activities do not prove a restriction on her usual and customary daily activities for at least 90 days of the 180 days following the accident (*see Becerril v Sol Cab Corp.*, 50 AD3d 261 [2008]). Concur—Mazzarelli J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.