■ KIRSTEN A. TURNER et al., Respondents, v BENYCOL TRANSPORTATION CORP. et al., Appellants. [911 NYS2d 51]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered December 28, 2009, which denied defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including the affirmed reports of an orthopedic surgeon and a neurologist, who following examinations of plaintiff, specified the objective tests performed reported normal ranges of motion in all tested body areas and concluded that plaintiff's injuries resolved without permanency (*see DeJesus v Paulino*, 61 AD3d 605, 606-607 [2009]). Moreover, a radiologist who reviewed plaintiff's MRI report concluded in unequivocal terms that plaintiff's spine showed dessication and mild narrowing of two of the mid-thoracic discs, which were all preexisting to the subject accident. Defendants also made a prima facie showing that plaintiff did not sustain a serious injury under the 90/180-day prong of Insurance Law § 5102 (d) by presenting plaintiff's deposition testimony in which she stated that following the accident, she

did not lose any time from work and was not confined to her home (*see e.g. Alloway v Rodriguez*, 61 AD3d 591, 592 [2009]).

In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff's chiropractor quantified her limitations of motion, concluded that they were significant and related the injuries to the subject accident, he failed to address defendants' evidence that plaintiff's disc dessication was preexisting. Notably, plaintiff conceded at her deposition that she sustained injuries to her neck and back in a prior accident, and based on the radiologic findings of preexisting degenerative disease, it was incumbent upon plaintiff to present proof addressing the asserted lack of causation, which she failed to do (*see Becerril v Sol Cab Corp.*, 50 AD3d 261 [2008]).

Plaintiff also failed to raise a triable issue of fact with respect to her 90/180-day claim. Her subjective statements that she was limited in her ability to exercise or perform personal maintenance were insufficient to defeat the motion (*see Alloway*, 61 AD3d at 592). Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.