■ MOLLY MICHELS, Appellant, v DEBORAH A. MARTON, Respondent. [13 NYS3d 407]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claims of serious injuries to her lumbar spine, cervical spine and right knee under the "permanent consequential" and "significant" limitation of use categories of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion to the extent it seeks dismissal of plaintiff's claims of serious injuries to the lumbar spine, and otherwise affirmed, without costs.

Defendant made a prima facie showing of the absence of a significant or permanent consequential limitation of use of the

spine and right knee by submitting plaintiff's expert orthopedist's and neurologist's reports showing full range of motion, negative clinical test results, and the absence of neurological deficits (*see Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]).

In opposition, plaintiff submitted sufficient medical evidence to raise an issue of fact as to whether she suffered a serious injury to her lumbar spine causally related to the accident. Plaintiff submitted the affirmation of her orthopedic expert, who, upon comparison of preaccident and postaccident MRI films, opined that plaintiff had sustained a herniated disc, superimposed over preexisting degenerative bulges, which could only be traumatically induced and causally related to the accident. This evidence provided objective proof of serious injuries (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 358 [2002]). The orthopedist also reviewed physical therapy records documenting range of motion limitations after the accident, and measured quantified limitations in range of motion upon two evaluations (*see Salman v Rosario*, 87 AD3d 482, 484 [1st Dept 2011]; *see also Perl v Meher*, 18 NY3d 208, 217 [2011]; *Toure*, 98 NY2d at 350).

However, plaintiff failed to raise a triable issue of fact as to her claims of serious injury to the cervical spine and right knee. As to the cervical spine, plaintiff failed to submit any proof of resulting physical limitations (*see generally Toure*, 98 NY2d at 350). While plaintiff's physician found a spasm on examination, plaintiff did not submit any medical evidence explaining why the degenerative changes found in the X-ray study she submitted were not the cause of her cervical spine symptoms (*Figueroa v Ortiz*, 125 AD3d 491, 492 [1st Dept 2015]).

Plaintiff failed to submit any evidence of contemporaneous injury or treatment to her right knee (*see Perl*, 18 NY3d at 217-218). The MRI study performed 10 months after the accident was insufficient to demonstrate any causal relationship between the injury and the accident (*see Henchy v VAS Express Corp.*, 115 AD3d 478, 479 [1st Dept 2014]). While one of plaintiff's doctors measured her right knee range of motion shortly after the accident, that doctor did not indicate the normal range of motion and did not diagnose any knee injury (*see Toure*, 98 NY2d at 350).

If the factfinder at trial determines that plaintiff sustained a serious injury to the lumbar spine, it may award damages for all of plaintiff's injuries causally related to the accident (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.