■ MERCEDES HERNANDEZ, Individually and as Mother and Natural Guardian of MICHELLE MARTINEZ, an Infant, Appellant, v DAVID CESPEDES, Respondent, et al., Defendants. [35 NYS3d 651]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendant David Cespedes's motion for summary judgment dismissing plaintiff's claims based on a lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law by showing that plaintiff did not suffer a serious injury to her cervical spine, lumbar spine, or right knee as a result of the motor vehicle accident at issue. Defendant submitted the affirmed reports of an orthopedist and a neurologist, showing no significant limitations, negative clinical results, and a resolved sprain and contusion (*see Michels v Marton*, 130 AD3d 476 [1st Dept 2015]; *Ahmed v Cannon*, 129 AD3d 645 [1st Dept 2015]). Defendant also submitted a radiologist's affirmed report which found, upon review of the MRI scans, no evidence of any disc bulges or herniations in the spine, no recent or acute posttraumatic or causally related disc changes, and only preexisting degenerative changes in the knee (*see Nova v Fontanez*, 112 AD3d 435 [1st Dept 2013]; *Fuentes v Sanchez*, 91 AD3d 418 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. She provided no medical findings of resulting limitations in use of her spine or right knee, shown by either quantified range of motion testing or by a qualitative assessment of her limitations compared with normal function (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]). Plaintiff's orthopedic surgeon never examined her spine, and, although he performed diagnostic arthroscopic surgery on her right knee, he failed to set forth any findings of limitations in the knee, either before or after the surgery (*see Mitrotti v Elia*, 91 AD3d 449, 450 [1st Dept 2012]). In light of the absence of evidence of limitations, the orthopedist's conclusory opinion that the accident caused the right knee injury was also insufficient (*see Henchy v VAS Express Corp.*, 115 AD3d 478, 479 [1st Dept 2014]). Furthermore, the unaffirmed MRI reports, which were the only objective evidence submitted by plaintiff concerning her claims of spinal injury, are inadmissible because they are unsworn, and ere not relied upon by defendant's experts (*see Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.