HOJUN HWANG, Appellant, v "JOHN DOE" et al., Respondents. [40 NYS3d 767]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 19, 2015, which, to the extent appealed from as limited by the briefs, granted defendant Wanda Mendez's motion for summary judgment dismissing plaintiff's claim that he suffered a serious injury to his right knee as a

result of a motor vehicle accident, unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff did not sustain a serious injury to his right knee, by submitting the report of their orthopedic surgeon who found full range of motion, and opined, upon review of intraoperative photographs, that plaintiff's knee surgery was not causally related to the accident (see Hernandez v Cespedes, 141 AD3d 483 [1st Dept 2016]; Acosta v Zulu Servs., Inc., 129 AD3d 640 [1st Dept 2015]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff presented no medical evidence concerning his alleged right knee injury, and thus failed to show any significant or permanent limitations in use of his knee, or that his knee condition was causally related to the accident (see Hernandez at 484). Plaintiff's failure to raise an issue of fact as to whether his right knee condition was causally related to the accident means that he cannot recover for any right knee injury, regardless of whether he meets the serious injury threshold with respect to his cervical and lumbar spine claims (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Concur— Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.