■ MARILYN CATTOUSE et al., Appellants, v KEITH SMITH, Respondent. [45 NYS3d 453]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 7, 2015, which granted defendant's motion for summary judgment dismissing the complaint due to plaintiffs' inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiffs, Marilyn Cattouse and Michael Cattouse, and their daughter Laurie Cattouse, allege that they sustained serious injuries to their cervical and lumbar spines as the result of a motor vehicle accident. Defendant established, prima facie, that plaintiffs did not sustain serious injuries by submitting the affirmed report of an orthopedist, who found normal ranges of motion, negative test results, and resolved strains/sprains (see *Frias v Son Tien Liu*, 107 AD3d 589 [1st Dept 2013]; *Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]; *Paduani v Rodriguez*, 101 AD3d 470 [1st Dept 2012]). Defendant also submitted the report of a radiologist who opined that the MRI films of Marilyn's lumbar spine and of Laurie's cervical spine showed preexisting degenerative conditions, not causally related to the accident (see *Pommells v Perez*, 4 NY3d 566, 576-577 [2005]). Marilyn's medical records reflect that she had preexisting arthritis in her back, and Michael acknowledged at his deposition that he suffered prior neck injuries in another motor vehicle accident. Defendant also relied on Laurie's hospital and medical records showing that she had positive neck range of motion and her back complaints resolved without intervention at the hospital (see *Galarza v J.N. Eaglet Publ. Group, Inc.*, 117 AD3d 488 [1st Dept 2014]).

In opposition, plaintiffs failed to raise an issue of fact as to whether any of them suffered a serious injury causally related to the accident. They submitted reports from an orthopedist, who examined Marilyn and Michael shortly after the accident and about two years later, and found limited ranges of motion, and opined that the bulging and herniated discs found in MRI reports were causally related to the accident. The MRI reports reflected findings of degenerative joint disease, and however, the orthopedist did not explain why that joint disease could not be ruled out as the cause of Marilyn's or Michael's injuries (*Rickert v Diaz*, 112 AD3d 451, 452 [1st Dept 2013]), or provide any objective basis to support a finding of aggravation of such preexisting conditions (see *Farmer v Ventkate Inc.*, 117 AD3d 562 [1st Dept 2014]; *Roach v Citywide Mobile Response Corp.*, 102 AD3d 576 [1st Dept 2013]). Absent objective evidence of injury, plaintiffs cannot demonstrate a serious injury (see *Hernandez v Cespedes*, 141 AD3d 483 [1st Dept 2016]).

As for Laurie, plaintiffs submitted the affidavit of a chiropractor who noted that she had undergone a brief period of treatment after the accident and found that she had relatively minor limitations in range of motion, which is insufficient to sustain a serious injury claim (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). He did not address the hospital and medical records showing that she had no neck limitations or back pain shortly after the accident, rendering the opinion speculative (*see Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011]). Nor did Laurie submit her own radiologist's MRI report to rebut the findings of defendant's expert or provide a reasonable explanation for her cessation of medical treatment after a brief course of chiropractic treatment after the accident and then a year later (*see Green v Domino's Pizza, LLC*, 140 AD3d 546 [1st Dept 2016]). Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.