■ MEGHAN DZIUMA, Appellant, v JET TAXI, INC., Respondent, et al., Defendant. [50 NYS3d 341]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered December 15, 2015, which granted defendant Jet Taxi's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff did not suffer any serious injury through the affirmed report of its orthopedist, who found full range of motion in all affected body parts, its radiologist, who opined that the conditions shown in the spinal MRIs were degenerative and that there was no

evidence of traumatic injury in the left shoulder, and its psychologist, who opined that plaintiff did "not present with any evidence for any psychological disability" due to the subject accident (see *Mitrotti v Elia*, 91 AD3d 449, 449-450 [1st Dept 2012]).

In response, plaintiff failed to come forward with evidence to rebut defendant's showing, since she presented no medical evidence to substantiate her claims (see *Windham v New York City Tr. Auth.*, 115 AD3d 597, 599 [1st Dept 2014]; *Turner v Benycol Transp. Corp.*, 78 AD3d 506, 507 [1st Dept 2010]).

Defendant established prima facie that plaintiff did not sustain a 90/180-day injury by submitting her deposition testimony showing that she was not confined to home or bed for longer than about five weeks (see *Komina v Gil*, 107 AD3d 596, 597 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.