Rosario v Cablevision Sys. (2018 NY Slip Op 02725)





Rosario v Cablevision Sys.


2018 NY Slip Op 02725


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6343 301461/13

[*1]Eddie Rosario, Plaintiff-Appellant,
v
Cablevision Systems, et al., Defendants-Respondents.


Subin Associates, LLP, New York (Robert J. Eisen of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered August 23, 2016, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff's claim of right shoulder injury, and otherwise affirmed, without costs.
Plaintiff alleges that he suffered serious injuries to his spine and right shoulder as the result of a motor vehicle accident. Defendants established that plaintiff did not suffer serious injuries to his cervical or lumbar spine through the reports of a neurologist and orthopedist who found full range of motion in those allegedly injured body parts and no objective evidence of injury. In addition, after review of a pre-accident MRI report of plaintiff's lumbar spine, the orthopedist opined that the lumbar spine injuries were the result of a prior work injury (see Lazu v Harlem Group, Inc., 89 AD3d 435, 436 [1st Dept 2011]).
However, as to plaintiff's right shoulder, defendants' orthopedist found limitations in two planes of range of motion, and thus they failed to meet their burden of showing that plaintiff did not suffer a serious injury involving significant or permanent limitations in use of his right shoulder (see Pineda v Moore, 111 AD3d 577 [1st Dept 2013]). Although the orthopedist alluded to medical records showing that plaintiff's shoulder condition was chronic, he did not clearly or unequivocally opine as to lack of causation (see Karounos v Doulalas, 153 AD3d 1166 [1st Dept 2017]). Accordingly, since defendants did not meet their prima facie burden, the burden of proof never shifted to plaintiff on this injury.
In opposition, plaintiff failed to raise an issue of fact as to whether his lumbar spine injuries were causally related to the accident, since his examining physician failed to address the degenerative findings in his own medical reports or the evidence of a preexisting injury (Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509, 510 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Plaintiff also failed to raise an issue of fact as to whether he sustained a serious injury to his cervical spine. Although his physician found deficits in range of motion in these body parts, plaintiff failed to demonstrate that these deficits were related to any objective medical evidence of injury, such as an MRI (see Figueroa v Ortiz, 125 AD3d 491, 492 [1st Dept 2015]).
Since plaintiff failed to raise an issue of fact as to whether his spinal injuries were caused by the accident, he cannot recover for such injuries (see Fathi v Sodhi, 146 AD3d 445, 446 [1st Dept 2017]; Hojun Hwang v Doe, 144 AD3d 507 [1st Dept 2016]; see Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Although defendants' expert did not examine plaintiff until more than two years after the accident, defendants established that plaintiff did not suffer a 90/180-day claim by relying on his deposition testimony that he was not confined to either his bed or home after the accident, and was confined to bed and home
for less than 90 days following his shoulder surgery (see Brownie v Redman, 145 AD3d 636, 637 [*2][1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK