Castro v DADS Natl. Enters., Inc. (2018 NY Slip Op 07262)





Castro v DADS Natl. Enters., Inc.


2018 NY Slip Op 07262


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7481 350020/11

[*1]Brinia Castro, et al., Plaintiffs, Solangie Rojas, etc., Plaintiff-Appellant,
v
DADS National Enterprises, Inc., et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Maroney O'Connor, LLP, New York (Ross T. Herman of counsel), for DADS National Enterprises, Inc., and Lennard Washington Jackson, respondents.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for Lucy R. Figueroa, respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about June 8, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing plaintiff Solangie Rojas's complaint based on her inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law by submitting evidence showing that plaintiff's claimed injuries were not serious within the meaning of Insurance Law § 5102(d). Defendants submitted the affirmed reports of their respective expert physicians, each of whom documented normal range of motion, diagnosed plaintiff with resolved strains/sprains of the spine, and opined that there was no objective evidence of serious injury (see e.g. Cattouse v Smith, 146 AD3d 670, 672 [1st Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury, rather than a minor injury. Plaintiff's chiropractic and physical therapy records were neither sworn nor certified, and the motion court properly declined to consider them (see Pagano v Kingsbury, 182 AD2d 268 [2d Dept 1992]). In any event, the records contain no MRI or other objective evidence of injury (see Thomas v City of New York, 99 AD3d 580 [1st Dept 2012], lv denied 22 NY3d 857 [2013]), and document only four months of therapy following the accident (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]). Moreover, plaintiff resumed physical activities and participation in her gymnastics class.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK