Perez v Dixon (2018 NY Slip Op 08045)





Perez v Dixon


2018 NY Slip Op 08045


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-12543
 (Index No. 10669/14)

[*1]Kimberly M. Perez, et al., respondents, 
v
Jacqueline M. Dixon, appellant.


Picciano & Scahill, P.C., Westbury, NY (Andrea E. Ferrucci of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated October 26, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Kimberly M. Perez (hereinafter the injured plaintiff) in a motor vehicle accident on January 14, 2014. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the motion, and the defendant appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that the alleged injury to the cervical region of the injured plaintiff's spine was not caused by the subject accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; Jilani v Palmer, 83 AD3d 786, 787). In addition, the defendant submitted competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a psychological injury as a result of the accident (see Dziuma v Jet Taxi, Inc., 148 AD3d 573, 573-574; Diaz v Barimah, 144 AD3d 497; Krivit v Pitula, 79 AD3d 1432, 1432-1433; cf. Haque v City of New York, 97 AD3d 636, 636-637). In opposition, the plaintiffs failed to raise a triable issue of fact (see Perl v Meher, 18 NY3d 208, 217-218; Grasso v Angerami, 79 NY2d 813, 814-815; John v Linden, 124 AD3d 598, 599).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court