Avgush v Jerry Fontan, Inc. (2018 NY Slip Op 08553)





Avgush v Jerry Fontan, Inc.


2018 NY Slip Op 08553


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7874 20734/12E

[*1]Doron Avgush, Plaintiff-Appellant,
v
Jerry Fontan, Inc., et al., Defendants-Respondents.


Doron Avgush, appellant pro se.
Abrams, Gorelick, Friedman & Jacobsen, LLP, New York (Jay S. Gunsher of counsel), for respondent.



Appeal from order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 26, 2016, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously dismissed, without costs, as untimely.
A notice of appeal must be filed and served within 30 days after service by a party of the order and written notice of entry (see CPLR 5513[a], 5515[1]). Here, defendants properly electronically served the order on appeal with notice of entry on August 30, 2016, via the New York State Courts Electronic Filing (NYSCEF) system (see 22 NYCRR 202.5-b[b]). At that time, plaintiff was represented by counsel who had not withdrawn or moved to be relieved in the manner prescribed by CPLR 321(b). In a letter dated August 29, 2016, plaintiff's counsel informed him that the law firm would not represent him on any appeal. In a letter dated August 31, 2016, the same counsel informed plaintiff that he was required to file a notice of appeal by September 29, 2016, or his right to appeal would be lost. Since plaintiff neither served nor filed a notice of appeal by that deadline, his appeal is untimely.
As "[t]he time period for filing a notice of appeal is nonwaivable and jurisdictional" (Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417, 417 [2d Dept 2007]), it does not matter that plaintiff served and filed his notice of appeal just one day late.
Plaintiff's claim that the clerk's office refused to accept his notice of appeal when he brought it to court on the deadline day, September 29, 2016, is unsupported by any evidence, including his notice of appeal, preargument statement, and affidavit of service, which are all dated September 30, 2016. In any event, an appeal is taken once the notice of appeal is both filed and served (see CPLR 5515[1]). There was no impediment to plaintiff's timely serving the notice of appeal notwithstanding the clerk's ostensible refusal to accept the paper for filing, or electronically filing the notice of appeal. A litigant's "pro se status does not relieve him of the obligation to comply with the time requirements for taking an appeal" (Matter of Pravda v New York State Dept. of Motor Vehs., 286 AD2d 838, 839 [3d Dept 2001]).
Had the appeal not been dismissed as untimely, we would affirm the order at issue. Plaintiff alleges he developed dystonia causing dysphonia and chronic hoarseness as a result of the subject motor vehicle accident in 2011, but failed to disclose that he previously brought a lawsuit alleging he suffered the same permanent injuries after a 1996 accident. In opposition to defendants' prima facie showing that plaintiff had no objective signs of injury and that his claimed injuries were not causally related to the 2011 accident, plaintiff failed to submit any medical evidence raising a triable issue of fact as to whether he sustained any serious injury causally related to the subject accident (see Aquino v Alvarez, 162 AD3d 451 [1st Dept 2018]; Perez v Rodriguez, 25 AD3d 506, 509 [1st Dept 2006];
Turner v Benycol Transp. Corp., 78 AD3d 506, 507 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK