Rodriguez v Morel (2022 NY Slip Op 00522)





Rodriguez v Morel


2022 NY Slip Op 00522


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 25974/17E Appeal No. 15159 Case No. 2021-02482 

[*1]Nicholes W. Rodriguez, Plaintiff-Appellant,
v
Rafael T. Morel et al., Defendants-Respondents.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (Kristine M. Taylor of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered April 16, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the significant limitation of use or 90/180-day categories of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he sustained injuries to his cervical spine, lumbar spine, and right shoulder in a motor vehicle accident that occurred in December 2016, as well as aggravation of preexisting degenerative conditions in those body parts. Defendants demonstrated prima facie that plaintiff did not sustain a causally related serious injury to those body parts by submitting evidence, including the affirmed reports of an orthopedic surgeon and neurologist, finding normal to near-normal range of motion in his cervical spine, lumbar spine, and bilateral shoulders (see Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]). In addition, defendants submitted evidence that plaintiff had been treated for injuries to his neck, back, and shoulder following a motor vehicle accident in January 2014 (Turner v Benycol Transp. Corp., 78 AD3d 506 [1st Dept 2010]), and that MRIs taken after that accident showed that he had disc bulges in his lumbar and cervical spine and supraspinatus tendinosis in his left shoulder (see Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]), thus shifting the burden to plaintiff to address the issue of causation (see Pommells v Perez, 4 NY3d 566, 572, 576 [2005]). Defendants also relied on plaintiff's bill of particulars and deposition testimony to show that he returned to work as a maintenance worker within a few weeks of the accident which defeats his claim based on the 90/180-day category (see Antepara, 194 AD3d at 514).
In opposition, plaintiff failed to raise a triable issue of fact, as his medical experts failed to explain why the pre-existing conditions in plaintiff's spine and left shoulder were ruled out as the cause of his alleged limitations and they provided only conclusory assertions that his injuries were caused or aggravated by the subject accident (see Monahan v Reyes, 184 AD3d 460 [1st Dept 2020]; Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]; Farmer v Ventkate Inc., 117 AD3d 562, 562 [1st Dept 2014]). Since plaintiff acknowledged sustaining injuries to his neck and back in the prior accident and the 2014 MRIs showed pre-existing findings in his spine and left shoulder, "it was incumbent upon plaintiff to present proof addressing the asserted lack of
causation" (Turner, 78 AD3d at 506; see generally Pommells v Perez, 4 NY3d 566). Since plaintiff failed to raise a triable issue of fact as to causation, his 90/180-day claim fails as well (see Sosa-Sanchez v Reyes, 162 AD3d 414, 415 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: January 27, 2022