Sooknanan v Pinales (2023 NY Slip Op 02195)

Sooknanan v Pinales

2023 NY Slip Op 02195

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 27829/19 Appeal No. 131 Case No. 2022-03170 

[*1]Chrishna Sooknanan, et al., Plaintiffs-Appellants,
v
Nelson Pinales, et al., Defendants-Respondents, Joseph Chuke, et al., Defendants.

Mischel & Horn, P.C., New York (Nicholas S. Bruno of counsel), for appellants.
Baker, McEvoy & Moskovits, Brooklyn (Marjorie E. Bornes of counsel), for Nelson Pinales, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Steven Jean, respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered July 7, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Kasheem Moye's, Nelson Pinales's, and Steven Jean's motions for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury to his lumbar spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden that plaintiff did not sustain a serious injury to his lumbar spine by submitting the report of their radiologist, who opined that the MRI of plaintiff's spine revealed degenerative and preexisting conditions not causally related to the accident (see Marcelo v Fabius, 195 AD3d 472, 472 [1st Dept 2021]; Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]). Defendants also submitted plaintiff's testimony that he had previously injured his back in another accident and that he ceased all treatment after a few months, which required some reasonable explanation (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to raise an issue of fact. The unaffirmed MRI report was inadmissible, as it was not relied on by defendant's expert, who expressly disagreed with its findings of herniations (see Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Hernandez v Cespedes, 141 AD3d 483, 484 [1st Dept 2016]). The report of his chiropractor was also inadmissible because there was no attestation clause, just a notary stamp (see Barry v Arias, 94 AD3d 499, 500 [1st Dept 2012]; cf. Shinn v Catanzaro, 1 AD3d 195, 198 n 1 [1st Dept 2003]; CPLR 2106]). In the absence of any admissible medical evidence, plaintiff failed to raise an issue of fact (Acevedo, 204 AD3d at 598). In any event, plaintiff's MRI report revealed degenerative conditions such as osteophytes and spurring, and his chiropractor did not address or explain these preexisting conditions or explain why they could not have been the cause of his condition (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). Plaintiff also failed to address his cessation of treatment about two months after the subject accident until he was next examined by his chiropractor over three years later (see Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). The chiropractor also did not mention
plaintiff's prior accident or address whether it caused his condition, and did not provide any basis for finding aggravation of a preexisting injury (see Rodriguez v Morel, 201 AD3d 606, 607 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023