Cardwood v R&F Limousine Inc. (2024 NY Slip Op 00451)

Cardwood v R&F Limousine Inc.

2024 NY Slip Op 00451

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 34253/20 Appeal No. 1572 Case No. 2023-01605 

[*1]Brandon Cardwood, Plaintiff-Appellant,
v
R&F Limousine Inc., Defendant-Respondent, "John Doe," Defendant.

Mischel & Horn, P.C., New York (Ross S. Friscia of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered March 24, 2023, which granted defendant R&F Limousine Inc.'s motion for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant established prima facie entitlement to summary judgment through the sworn report of its radiologist who opined that the MRI of plaintiff's left knee taken shortly after the accident showed degenerative conditions and no traumatic injuries (see Sooknanan v Pinales, 215 AD3d 608, 608 [1st Dept 2023]). Defendant also submitted an affirmed expert report establishing that plaintiff had normal range of motion and normal objective tests when examined by defendant's orthopedist, indicating that plaintiff's alleged injuries had resolved (see Hall v Uber Tech., Inc., 221 AD3d 503 2023 [1st Dept 2023]), and the left knee had the same range of motion as the uninjured right knee (see Blumenberg v Lora, 193 AD3d 445, 445 [1st Dept 2021]).
In opposition, plaintiff failed to raise an issue of fact. The unaffirmed operative report of plaintiff's orthopedic surgeon was inadmissible as it was not relied on by defendant's expert (see Sooknanan v Pinales, 215 AD3d 609). Even were the operative report to be considered, plaintiff's orthopedic surgeon did not provide any opinion as to causation, nor did he explain how degenerative conditions, to the extent observed, were ruled out as a cause of the alleged injuries (see Baez v Rahamatali, 6 NY3d 868 [2006]). The report of plaintiff's orthopedist, among other things, was based on the unsworn reports and unproduced records of another physician, and, therefore, was incompetent to create an issue of fact (see Cabrera v Apple Provisions, Inc., 151 AD3d 594, 595-596 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024