Burgos v Diamond Bricks Inc. (2024 NY Slip Op 05045)

Burgos v Diamond Bricks Inc.

2024 NY Slip Op 05045

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 452125/16 Appeal No. 2789 Case No. 2022-04988 

[*1]Carmen Burgos, Plaintiff-Appellant,
v
Diamond Bricks Inc., et al., Defendants-Respondents, The New York City Transit Authority, et al., Defendants.

Elefterakis, Elefterakis & Panek, New York (Harris J. Zakarin of counsel), for appellant.
Baker, McEvoy & Moskovits, Freeport (Majorie E. Bornes of counsel), for respondents.

Order, Supreme Court, New York County (Machelle Sweeting, J.), entered on or about December 23, 2021, which granted defendants Diamond Bricks, Inc. and Codou Thiam's (collectively defendants) motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she sustained a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of serious injury involving "significant" and "permanent" limitations of use of her cervical spine, and otherwise affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury by submitting the medical report of their orthopedic surgery expert, who found normal ranges of motion in plaintiff's cervical spine, lumbar spine, and right knee with no evidence of tenderness or other abnormality (see Peart v Carreras, 227 AD3d 479, 479 [1st Dept 2024]; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]). Defendants' radiology expert concluded that there was no evidence of acute spinal injury and that any injuries were degenerative in nature and not causally related to the accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). In addition, defendants submitted evidence that plaintiff previously injured her lumbar spine and knees in a trip-and-fall accident pre-dating the July 2014 motor vehicle accident. Contrary to plaintiff's contentions, the medical report of the City Transit defendants' expert, which she submitted in opposition to defendants' motion, has no bearing on whether defendants met their burden (see e.g. Perl v Meher, 18 NY3d 208 [2011]). In any event, his observations are not so inconsistent with the findings of defendants' medical experts (see e.g. Biascochea v Boves, 93 AD3d 548, 548 [1st Dept 2012]).
Regarding her claimed lumbar spine and right knee injuries, plaintiff failed to raise a triable issue, as her physicians failed to sufficiently show that her limitations stemmed from the accident rather than her preexisting injuries (see Rodriguez v Morel, 201 AD3d 606, 606-607 [1st Dept 2022]; Antepara v Garcia, 194 AD3d 513, 514 [1st Dept 2021]). Her medical expert's conclusory opinion that these injuries were exacerbated by the accident is speculative, as he acknowledged that he did not review any medical records predating the accident (see Russell v Cornell Univ., 110 AD3d 1236, 1237-1238 [1st Dept 2013]).
However, plaintiff raised a triable issue as to her cervical spine injury, as her physicians found reduced range of motion in all planes and other positive findings shortly after the accident, as well as two years later (see Keri v Beye, 223 AD3d 432, 433 [1st Dept 2024]; Vera v Islam, 70 AD3d 525 [1st Dept 2010]). Unlike her other claimed injuries, plaintiff's testimony and her medical records reflect that she had not injured her cervical spine prior to the July 2014 accident. Further, given that there is no indication [*2]of degenerative conditions of the cervical spine in plaintiff's own medical records and MRIs, plaintiff's physician adequately addressed the issue and opined that the injuries were causally related to the motor vehicle accident (see Holloman v American United Transp. Inc., 162 AD3d 423, 424 [1st Dept 2018]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). While defendants point to a period in which plaintiff was not receiving treatment, she received consistent treatment for about two years following the accident, and the record overall raises an issue of fact as to whether the cervical spine injury is permanent. Even if the injury is found to be nonpermanent, plaintiff may recover if she sustained a "significant" limitation of use injury (see Arias v Martinez, 176 AD3d 548, 549 [1st Dept 2019]; see generally Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013]).
Plaintiff's 90/180-day claim was properly dismissed, as she failed to rebut defendants' showing that she was not seriously curtailed from performing her usual activities for 90 out of the next 180 days (see Morris v Ilya Cab Corp., 61 AD3d 434, 435 [1st Dept 2009])
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024