Kemegue v Rosario-Ramirez
2026 NY Slip Op 03880
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Tyrese Kemegue, Plaintiff-Appellant,
v
Francisco Alberto Rosario-Ramirez et al., Defendants-Respondents.

Decided and Entered: June 18, 2026
Index No. 807105/21|Appeal No. 6929|Case No. 2025-05921|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

The Odierno Law Firm, P.C., Melville (Scott Odierno of counsel), for appellant.
Marjorie E. Bornes, Freeport, for respondents.

[*1]
Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 11, 2025, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court correctly granted defendants' motion for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury under Insurance Law § 5102(d). Defendants established prima facie entitlement to summary judgment by submitting the medical report from an orthopedic surgeon, who found normal ranges of motion in plaintiff's lumbar and cervical spine with no evidence of tenderness to palpation or other abnormality (see Peart v Carreras, 227 AD3d 479, 479 [1st Dept 2024]; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]). His failure to review her medical records does not require denial of defendants' motion here since he detailed the objective tests that he used to personally examine plaintiff and found no abnormalities (see Clemmer v Drah Cab Corp., 74 AD3d 660, 660-661 [1st Dept 2010]). Defendants' radiologist also concluded that plaintiff's cervical spine X-rays and lumbar spine MRI revealed chronic, degenerative changes that were unrelated to the subject accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]; Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]).
Plaintiff failed to raise a triable issue of fact in opposition. Her treating chiropractor did not address evidence of preexisting injuries to her spine or her prior motor vehicle accidents (see Sooknanan v Pinales, 215 AD3d 608, 609 [1st Dept 2023]; Turner v Benycol Transp. Corp., 78 AD3d 506 [1st Dept 2010]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026