■ Jerome Barner, Appellant, v Humaira Shahid, Respondent. [903 NYS2d 6]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 27, 2009, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established prima facie, through the submission of affirmations of medical experts who examined plaintiff and who reviewed plaintiff's MRI films, that the injury to plaintiff's left knee was not the result of the motor vehicle accident on January 29, 2003 and that, in any event, it was not "serious" within the meaning of Insurance Law § 5102 (d). In opposition, plaintiff failed to submit objective medical evidence in admissible form sufficient to raise a triable issue of fact (*see Shinn v Catanzaro*, 1 AD3d 195, 197 [2003]).

Plaintiff alleges that he suffered a torn meniscus in his left knee, for which he underwent arthroscopic surgery, as a result of the accident. However, he failed to raise an issue of fact whether the torn meniscus was causally related to the accident (*see Gibbs v Hee Hong*, 63 AD3d 559 [2009]). The unsigned and unsworn report of a physician who performed an initial examination of plaintiff on January 30, 2003, the day after the accident, as well as the unsworn narrative report of plaintiff's orthopedic surgeon, Laxmidhar Diwan, based on his examination of plaintiff on March 20, 2003, and Dr. Diwan's unsworn operative report dated March 25, 2003, were properly rejected by the motion court because they were not in admissible form. In addition, plaintiff never submitted to the court a copy of the unsworn report of the MRI performed on his left knee two days after the accident, which allegedly showed a torn meniscus, and the court properly rejected Dr. Diwan's findings with respect to the MRI report because Dr. Diwan did not state that he personally viewed the films, rather than simply relying on the unsworn reports (*see Thompson v Abbasi*, 15 AD3d 95, 97 [2005]). Without the MRI report, it is unknown whether plaintiff's radiologist linked the torn meniscus to the accident. Moreover, nowhere in any of plaintiff's submissions does he address the

fact that defendant's radiologist determined that the changes in plaintiff's left knee were the result of a longstanding preexisting degenerative condition (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Valentin v Pomilla*, 59 AD3d 184, 186 [2009]).

The only proof in admissible form offered by plaintiff is the sworn report of Dr. Diwan dated June 1, 2009, based upon his examination of plaintiff 6$^1$/$_2$ years after the accident. In the report, Dr. Diwan failed to state whether plaintiff's injury was permanent, failed to identify any limitations in plaintiff's functions and compare those limitations to normal functions, and simply stated that plaintiff had difficulty in the activities of daily living, without identifying those difficulties or offering any objective medical findings to support that statement. In addition, Dr. Diwan's statement that plaintiff had not worked since the accident conflicted with plaintiff's deposition testimony that within four months of the accident he had returned to work as a barber and that at the time of the deposition, three years after the accident, he was working in construction, finishing drywall. Finally, plaintiff failed sufficiently to explain his cessation of medical treatment seven months after the accident to raise an issue of fact as to the seriousness of his injury. His statement that he stopped the treatment because the facility where he was receiving physical therapy closed was contradicted by Dr. Diwan's statement that plaintiff stopped the treatment because he appeared to have reached the maximum level of medical benefit and maximum improvement (*see Pommells*, 4 NY3d at 571; *Charley v Goss*, 54 AD3d 569, 570 [2008], *affd* 12 NY3d 750 [2009]).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.