■ AGYEMAN BOATENG, Respondent, v POMPEYO G. CALLE, Appellant, and NORA OFOSU DANKYI, Also Known as NORA OFOSU ALLEN, Respondent. (And Another Action.) [964 NYS2d 95]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 22, 2012, which, insofar as appealed from, denied defendant Pompeyo G. Calle's motion for summary judgment dismissing the complaint based upon the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted, and, upon a search of the record, defendant Allen's motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment accordingly.

Defendant Calle established his entitlement to judgment as a

matter of law. Calle submitted the affirmed reports of a radiologist, who examined plaintiff and reviewed his medical records, and found that the injuries to the right shoulder and thoracic spine were degenerative in nature. Calle also submitted the affirmed report of an orthopedist, who examined plaintiff and found normal ranges of motion in his right shoulder and cervical and lumbar spines (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [1st Dept 2011]; *Johnson v Singh*, 82 AD3d 565, 565 [1st Dept 2011]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff failed to submit objective evidence of significant limitations of any of the subject body parts (*see Vega v MTA Bus Co.*, 96 AD3d 506, 507 [1st Dept 2012]).

Dismissal of the 90/180-day claim is warranted in light of plaintiff's testimony that he only missed two days of work following the accident and that he was placed on a reduced work schedule thereafter (*see Arenas v Guaman*, 98 AD3d 461 [1st Dept 2012]; *Borja v Delarosa*, 90 AD3d 407, 408-409 [1st Dept 2011]).

Defendant Allen did not appeal from the denial of her motion for summary judgment. Nonetheless, she is entitled to dismissal of the complaint as against her because "if [a] plaintiff cannot meet the threshold for serious injury against one defendant, [he or] she cannot meet it against the other" (*Lopez v Simpson*, 39 AD3d 420, 421 [1st Dept 2007]). Concur—Sweeny, J.P., Moskowitz, Abdus-Salaam, Román and Feinman, JJ.