■ Estelita Malupa, Appellant, v Anthony Oppong et al., Respondents, et al., Defendants. [966 NYS2d 9]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 2, 2012, which granted defendants' motion and cross motion for summary judgment dismissing the complaint alleging serious injuries under the "permanent consequential" and "significant" limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established prima face absence of a serious injury in plaintiff's cervical spine, lumbar spine, and right knee by submitting the affirmed reports of their neurologist and orthopedist who, after examining plaintiff, found absence of neurological deficits, full range of motion, and absence of permanency or residuals (*see Barry v Arias*, 94 AD3d 499 [1st Dept 2012]; *DeJesus v Paulino*, 61 AD3d 605 [1st Dept 2009]). Defendants also established prima facie absence of causation by submitting their radiologist's MRI reports concluding that the MRI films taken shortly after the accident showed only preexisting degenerative conditions, and no evidence of acute or recent trauma (*Barry*, 94 AD3d at 499; *Colon v Vincent Plumbing & Mech. Co.*, 85 AD3d 541, 542 [1st Dept 2011]; *DeJesus*, 61 AD3d at 607). The failure of defendants' experts to review plaintiff's medical records in preparing their reports does not render the reports insufficient, as they detailed the specific objective tests they used in their personal examination of plaintiff, and the radiologist found no evidence of traumatic injury upon review of plaintiff's MRI films (*see Fuentes v Sanchez*, 91 AD3d 418, 419 [1st Dept 2012]). They were not required to examine any other part, since plaintiff made no other complaints of continuing injuries or symptoms resulting from the subject accident.

Plaintiff failed to raise a triable issue of fact. The only objective medical evidence submitted was unaffirmed MRI reports and the unaffirmed operative report of her orthopedic surgeon, which were not relied on by defendants and, therefore, are insufficient to raise an issue of fact (*see Lazu v Harlem Group, Inc.*, 89 AD3d 435 [1st Dept 2011]). While the affirmation of plaintiff's treating physician recites the findings in the unaffirmed reports, the affirmation may not be used to "bootstrap[ ]" the unaffirmed reports (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 662 [1st Dept 2010]). Further, the recent range of motion restrictions found by plaintiff's treating physician are minor and insufficient to establish a significant or consequential limitation (*Waldman v Dong Kook Chang*, 175 AD2d 204 [2d Dept 1991]), and the treating physician offered no opinion as to causation, and did not address the degenerative conditions found by defendants' expert and noted in the MRI and operative reports of plaintiff's physicians (*see Rosa v Mejia*, 95 AD3d 402, 403 [1st Dept 2012]). Plaintiff's claims of persisting pain and limitations in her left hand are unsupported by any objective evidence of injury. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.