■ MOUGHEES A. KHAN, Respondent, v GOLDMAG HACKING CORP. et al., Appellants. [50 NYS3d 373]—

Order, Supreme Court, New York County (Leticia M.

---

Ramirez, J.), entered March 15, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted as to the claims raised in the original bill of particulars.

Plaintiff alleges that he suffered serious injuries as the result of a motor vehicle accident that occurred in August 2009, when his vehicle was struck in the rear by defendants' vehicle. Plaintiff's original bill of particulars alleged that he sustained cervical bulges, lumbar strain/sprain, thoracic sprain/strain, and right temporomandibular joint dysfunction of the jaw.

Defendants met their prima facie burden of showing that plaintiff did not suffer permanent consequential or significant limitations of use of his jaw or his cervical, thoracic, and lumbar spine, through the affirmed reports of a dentist who found no injury in the jaw and a neurologist who found normal range of motion and negative test results upon examination of plaintiff's spine (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590 [1st Dept 2011]). Contrary to plaintiff's assertion, defendants' experts were not required to review plaintiff's medical records in order to provide their opinions based on their physical examinations of plaintiff (see Mena v White City Car & Limo Inc., 117 AD3d 441 [1st Dept 2014]; Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]). Defendants also relied on plaintiff's own MRI reports finding multilevel degenerative disc disease in his cervical and thoracic spine, and his medical records showing that he complained of back pain less than a month before the accident and was diagnosed with thoracic strain and sprain that interfered with his daily activities of living.

In opposition, plaintiff failed to raise a triable issue of fact as to any of the serious injuries alleged in the original bill of particulars. Plaintiff did not submit any evidence of a TMJ injury. His medical expert, who examined him in 2015, failed to raise an issue of fact as to causation regarding plaintiff's cervical and thoracic spine, because he failed to address the findings of degeneration in plaintiff's own MRIs by offering another, legally sufficient, cause for the claimed spinal injuries (see Perl v Meher, 18 NY3d 208, 219 [2011]). Having first seen plaintiff nearly six years after the accident, the expert's opinion that the accident itself caused the injuries was insufficient to raise an issue of fact (compare Williams v Tatham, 92 AD3d 472, 473 [1st Dept 2012] [the plaintiff created an issue of fact as to causation by submitting the affidavit of a chiropractor who saw the plaintiff several times, beginning two days after

the accident, and attributed the injuries to the accident]). Although the expert acknowledged plaintiff's prior diagnosis of thoracic strain, he did not offer any opinion as to how the claimed thoracic injury differed from the preexisting injury (*see Perl* at 219). Plaintiff submitted no objective medical evidence of injury for the lumbar spine claim. His expert referred to the results of an MRI performed in 2015, which purportedly indicated lumbar disc bulges, but the MRI report was not part of the record, and in any event, was performed more than five years after the accident, which is too remote to show a causal connection to the accident (*see Rosa v Mejia*, 95 AD3d 402 [1st Dept 2012]; *Beatty v Miah*, 83 AD3d 610 [1st Dept 2011]).

As for the 90/180-day claim, defendants met their initial burden by demonstrating that plaintiff's cervical and thoracic spinal injuries were not causally related to the accident, and that he had preexisting back pain that interfered with his activities of daily living, particularly his work as a driver (*see Nakamura v Montalvo*, 137 AD3d 695, 697 [1st Dept 2016]). In opposition, plaintiff did not submit medical evidence to support his claim of a medically determined injury.

We have considered defendants' remaining contentions and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.