Bogle v Paredes (2019 NY Slip Op 01657)





Bogle v Paredes


2019 NY Slip Op 01657


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8631 22846/15E

[*1]Michael N. Bogle, Plaintiff, Danisha Stephens, Plaintiff-Appellant,
v
Jose Eugenio Paredes, Defendant-Respondent.


Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia (Shawn P. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 16, 2017, which to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint insofar as it alleges that plaintiff Danisha Stephens suffered a serious injury in the "permanent consequential" or "significant" limitation of use categories within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Stephens alleged that, as a result of an accident involving defendant's car, she suffered serious injuries to her cervical spine, lumbar spine, wrists and right knee for which she underwent three to six months of treatment. Defendant satisfied his prima facie burden as to all the claimed injuries by submitting the reports of an orthopedist, a radiologist and a neurologist, who found, inter alia, that plaintiff had full range of motion and negative test results in her cervical and lumbar spine (see Alverio v Martinez, 160 AD3d 454 [1st Dept 2018]), that sprains and/or contusions to her spinal column, chest, wrists and knee were resolved, and no evidence of acute causally related injury (see Hayes v Gaceur, 162 AD3d 437, 439 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff submitted an affirmed report of a doctor who examined her one time, over four years after the accident, but did not address her prior accident (Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]) or provide admissible objective evidence of injuries (see Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]). Moreover, plaintiff failed to explain her complete cessation of treatment three to six months after the accident even though she had health insurance and saw a regular primary care doctor (see Pommells v Perez, 4 NY3d 566, 576 [2005]; Alverio, 160 AD3d 455). The unexplained four-year period of time in which plaintiff failed to seek treatment for any accident-related injuries renders the opinion of her medical expert "speculative as to the permanency, significance, and
causation of the claimed injuries" (Vila v Foxglove Taxi Corp., 159 AD3d 431, 432 [1st Dept 2018]; see Gaddy v Eyler, 79 NY2d 955, 957—958 [1992]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK