Gordon v Hernandez (2020 NY Slip Op 01462)





Gordon v Hernandez


2020 NY Slip Op 01462


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


23110/17 -568

[*1]Curtis Gordon, Plaintiff-Appellant,
v
Rafael Reyes Hernandez, et al., Defendants-Respondents.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola (David A. Craven of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered February 5, 2019, which granted defendants' motion for summary judgment dismissing plaintiff's claims that he suffered a serious injury to his cervical spine, lumbar spine, left shoulder, left knee and left ankle within the meaning of Insurance Law § 5102(d), and denied that portion of defendants' motion seeking dismissal of plaintiff's 90/180-day claim, unanimously modified, on the law, defendants' motion denied as to plaintiff's claims of serious injury to his spine, shoulder and knee, and, upon a search of the record, the motion granted as to the 90/180-day claim, and otherwise affirmed, without costs.
Defendants satisfied their prima facie burden to show that plaintiff did not sustain a serious injury to any of the claimed body parts as a result of the accident by submitting the reports of an emergency medicine physician and an orthopaedic surgeon, who opined that plaintiff's emergency room hospital records were inconsistent with his claimed injuries, and their radiologist, who reviewed MRI films of the spine and left shoulder and found they showed pre-existing degenerative conditions (see De Los Santos v Basilio, 176 AD3d 544, 545 [1st Dept 2019]; Streety v Toure, 173 AD3d 462, 462 [1st Dept 2019]). Defendants' orthopedist reviewed plaintiff's medical records and opined that they did not include any evidence of traumatic injury, but did not specify any particular degenerative conditions or prior injuries reflected in those records (see Sanchez v Oxcin, 157 AD3d at 563 [1st Dept 2018]).
In opposition, plaintiff raised an issue of fact as to whether he sustained significant or permanent injuries to his cervical spine, lumbar spine, left shoulder and left knee by submitting the report of his pain management specialist, who found that he had restricted range of motion in those body parts shortly after the accident and upon a more recent examination, and opined that his injuries were causally related to the accident at issue (see Reyes v Se Park, 127 AD3d 459, 460 [1st Dept 2015]). Given the absence of any evidence in plaintiff's own medical records that he had prior injuries or pre-existing degeneration, that was sufficient to raise an issue of fact as to causation (see Blake v Cadet, 175 AD3d 1199, 1200 [1st Dept 2019]; Sanchez v Oxcin, 157 AD3d at 563; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). If a jury determines that plaintiff has met the threshold for serious injury as to any of these claims, it may award damages for any injuries causally related to the accident, including those that do not meet the threshold (Rubin v SMS Taxi Corp., 71 AD3d 548, 550 [1st Dept 2010]).
Plaintiff failed, however, to raise an issue of fact as to whether he suffered a significant injury to his left ankle. His expert's finding that he had 8% restricted range of motion shortly after the accident is not of a sufficient magnitude to qualify as a significant limitation (Arrowood v Lowinger, 294 AD2d 315 [1st Dept 2002]).
Although defendants did not cross-appeal from the denial of that portion of their motion seeking dismissal of plaintiff's 90/180-day claim, we find that, upon a search of the record, [*2]pursuant to CPLR 3212(b), dismissal of that claim is warranted (see Santiago v Bhuiyan, 71 AD3d 485, 486 [1st Dept 2010]). Plaintiff's deposition testimony that he missed only "days" of work after the accident defeats his 90/180-day claim (see Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
M-568 - Curtis Gordon v Rafael Reyes Hernandez
Motion for stay pending appeal and preference denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK