Stickney v Akhar (2020 NY Slip Op 05309)





Stickney v Akhar


2020 NY Slip Op 05309


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 158912/2012 Appeal No. 11919 Case No. 2017-1443 

[*1]Phyllis Yvonne Stickney, Plaintiff-Appellant,
v
Muhammad Akhar, et al., Defendants-Respondents, Ahmed Ghowin, et al., Defendants.


Zwirn & Saulino, PC, Brooklyn (Warren Zwirn of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 24, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims of serious injury to the cervical and lumbar spine and the claim of a 90/180-day serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury to her cervical or lumbar spine by submitting a neurologist's affirmed report finding that plaintiff had normal range of motion and that her alleged injuries had resolved (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]; Holloman v American United Transp. Inc., 162 AD3d 423 [1st Dept 2018]). Defendants also submitted an affirmed report by an emergency medicine specialist who reviewed plaintiff's emergency room records and opined that those records were inconsistent with plaintiff's claimed injuries (see Morrison v Santana, 183 AD3d 456 [1st Dept 2020]; De Los Santos v Basilio, 176 AD3d 544 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact. Although her physician found recent limitations in range of motion of her cervical and lumbar spine, his opinion that the alleged injuries were caused by the accident was conclusory. He did not address the degenerative conditions found in plaintiff's own radiologist's MRI reports or explain why plaintiff's current symptoms were not related to the preexisting conditions (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Williams v Laura Livery Corp., 176 AD3d 557 [1st Dept 2019]).
Defendants are entitled to the dismissal of the 90/180-day claim in the absence of evidence of a causal connection between plaintiff's neck and back conditions and the subject accident (see Diakite v PSAJA Corp., 173 AD3d at 536). Moreover, according to plaintiff's testimony, she was confined to home for only about six weeks after the accident (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020