Blumenberg v Lora (2021 NY Slip Op 02093)





Blumenberg v Lora


2021 NY Slip Op 02093


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 23971/17E Appeal No. 13534 Case No. 2020-03508 

[*1]Rafaela Blumenberg, Plaintiff-Appellant,
v
Ruben Lora et al., Defendants-Respondents.


Frekhtman & Associates, Brooklyn (Martin M. Howfield of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered February 28, 2020, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injury under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain a serious injury under Insurance Law § 5102(d) by submitting a report by their radiologist, who reviewed the MRI of plaintiff's left shoulder and found that it showed preexisting degenerative conditions, not caused by recent trauma, and no rotator cuff tear (see Gordon v Hernandez, 181 AD3d 424 [1st Dept 2020]; Williams v Laura Livery Corp., 176 AD3d 557 [1st Dept 2019]). Defendants also met their burden by submitting a report by their orthopedist, who found that plaintiff's left shoulder and uninjured right shoulder had the same limitations in range of motion and that the left shoulder functioned normally (see Campbell v Drammeh, 161 AD3d 584 [1st Dept 2018]; Camilo v Villa Livery Corp., 118 AD3d 586 [1st Dept 2014]). Defendants also relied on plaintiff's own medical records, which showed that she had normal range of motion four months after the accident, and their orthopedist reviewed the medical records and noted that the operative report prepared by plaintiff's orthopedic surgeon included a diagnosis of arthritis in the acromioclavicular joint (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to raise an issue of fact. Although the doctor who examined her recently found limitations in range of motion, he failed to reconcile his findings with an earlier finding of full range of motion made by another treating physician (see Booth v Milstein, 146 AD3d 652, 653 [1st Dept 2017]). Furthermore, his opinion that the claimed shoulder injury was caused by the accident was conclusory and based on the assumption that plaintiff had no preexisting conditions, which was contradicted by hospital records submitted by plaintiff that noted a history of arthritis. Plaintiff's expert did not address the history of arthritis noted in plaintiff's own medical records or explain why her current symptoms were not related to the preexisting condition (see Alvarez, 120 AD3d at 1044; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]; Monahan v Reyes, 184 AD3d 460, 461 [1st Dept 2020]). Plaintiff did not submit any medical records to rebut defendants' radiologist's opinion that the MRI films showed no rotator cuff tear.
Defendants are entitled to dismissal of the 90/180-day claim, given the absence of a causal connection between plaintiff's left shoulder condition and the subject accident (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]). Furthermore, plaintiff's testimony shows that she was confined to bed for only three days and to home for only four days after the accident (see Olivare v Tomlin, 187 AD3d 642, 643 [1st Dept 2020]).THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021