Antepara v Garcia (2021 NY Slip Op 03109)





Antepara v Garcia


2021 NY Slip Op 03109


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 23153/16E Appeal No. 13832 Case No. 2020-01221 

[*1]Walter Antepara, Plaintiff-Appellant,
v
Dominico A. Garcia, Defendant-Respondent.


Leav & Steinberg LLP, New York (Regina Koyfman of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered December 12, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint on the grounds that plaintiff's injuries do not meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant met his prima facie burden of showing that plaintiff did not sustain a serious injury to his spine, right hip, right elbow, or left knee by submitting the report of an orthopedic surgeon, who found full range of motion or only slight limitations, and opined that plaintiff's alleged injuries had resolved (see Stickney v Akhar, 187 AD3d 425 [1st Dept 2020]; Stovall v New York City Tr. Auth., 181 AD3d 486 [1st Dept 2020]). Defendant also met his burden with respect to plaintiff's claimed injuries to his cervical spine and lumbar spine by submitting the report of a radiologist who found that plaintiff's post-accident MRIs showed preexisting degenerative changes not causally related to the accident (see Gordon v Hernandez, 181 AD3d 424, 425 [1st Dept 2020]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's expert examined him one time, six years after the accident, which is too remote to raise an inference that any limitations were causally related to the accident (see Camilo v Villa Livery Corp., 118 AD3d 586, 587 [1st Dept 2014]). Plaintiff's expert failed to address prior and subsequent motor vehicle accidents in which plaintiff claimed to have suffered spinal injuries, or explain why those injuries were different from those claimed as a result of the subject accident (see Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]). Plaintiff's expert also failed to address the findings in plaintiff's MRIs, showing degenerative conditions in his cervical and lumbar spine, or the medical records reflecting a history of chronic neck and back pain, or to explain why those preexisting conditions could not have been the cause of plaintiff's current complaints (see Monahan v Reyes, 184 AD3d 460, 461 [1st Dept 2020]). Plaintiff offered no objective evidence of serious injury to his right hip, right elbow, or left knee, but only minor, temporary complaints such as contusion or mild joint effusion.
Defendant is entitled to dismissal of the 90/180-day claim in the absence of evidence of a causal connection between plaintiff's condition and the subject accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). Furthermore,
plaintiff's testimony that he was confined to home for only a few days after the accident defeats his claim (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021