Blake v Sanchez (2021 NY Slip Op 05771)





Blake v Sanchez


2021 NY Slip Op 05771


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 20142/19E Appeal No. 14436 Case No. 2021-00178 

[*1]Duane R. Blake, Plaintiff-Appellant,
v
Ricardo A. Sanchez et al., Defendants-Respondents.


Joshua Annenberg, New York, for appellant.
Robert D. Grace, Brooklyn, for Ricardo A. Sanchez, respondent.
Law Offices of John Trop, Tarrytown (Eric G. Fendt of counsel), for Calvin Williams and Gardner Industries, Inc., respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about July 2, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Ricardo A. Sanchez's motion and defendants Calvin Williams and Gardener Industries, Inc.'s cross motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he sustained a serious injury to his cervical spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain a serious injury to his cervical spine. Defendants submitted the report of their radiologist, who opined that the MRI of plaintiff's cervical spine revealed conditions that were degenerative and not causally related to the accident, and the report of their orthopedist, who found that plaintiff had normal range of motion (see Marcelo v Fabius, 195 AD3d 472 [1st Dept 2021]; Antepara v Garcia, 194 AD3d 513 [1st Dept 2021]).
In opposition, plaintiff failed to provide any admissible medical evidence concerning his condition contemporaneous to the accident sufficient to raise an issue of fact as to causation (see Perl v Meher, 18 NY3d 208, 217-218 [2011]; Rosa v Mejia, 95 AD3d 402, 403-404 [1st Dept 2012]). Although plaintiff's expert found range of motion limitations in plaintiff's cervical spine, he did not examine plaintiff until approximately 17 months after the accident, which is insufficient to reliably connect his current symptoms to the accident (see Jung Ung Moon v Kumbee Ree P Some, 189 AD3d 628, 629-630 [1st Dept 2020]; Camilo v Villa Livery Corp.,?118 AD3d 586, 587 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021