Acevedo v Grayline N.Y. Tours, Inc. (2022 NY Slip Op 02860)

Acevedo v Grayline N.Y. Tours, Inc.

2022 NY Slip Op 02860

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 22283/16 Appeal No. 15826-15827 Case No. 2020-04730 2020-04732 

[*1]Antonio D. Capellan Acevedo, Plaintiff-Appellant,
v
Grayline New York Tours, Inc., et al., Defendants-Respondents, Reading Transportation Corp., et al., Defendants-Respondents. 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Karen H. Tommer of counsel), for Grayline New York Tours, Inc. and Dennis Olivero, respondents.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Reading Transportation Corp. and Frankelis Ramirez, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 27, 2020, which denied plaintiff's motion for summary judgment on the issue of liability and granted defendants Grayline New York Tours, Inc. and Dennis Olivero's (collectively, Grayline) motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he sustained a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs. Order, same court (Mary Ann Brigantti, J.), entered August 13, 2020, which granted defendants Reading Transportation Corp. and Frankelis Ramirez's (collectively, Reading Transportation) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Grayline demonstrated prima faciethat plaintiff did not sustain a serious injury to his cervical spine or lumbar spine by relying on the report of their orthopedic surgeon who reviewed the MRI films of those body parts and found that they showed only mild preexisting degenerative changes to the discs, not causally related to the accident (see Gordon v Hernandez,181 AD3d 424, 425 [1st Dept 2020]; see also Reyes-Mendez v City of New York, 192 AD3d 464, 465 [1st Dept 2021]; Grate v Rodrigues, 179 AD3d 440, 441 [1st Dept 2020]). Grayline also satisfied their burden based on the opinion of their orthopedic surgeon and neurologist that plaintiff had a normal neurological examination with no objective evidence of any injury or disability causally related to the accident (see Dellino v Puello, 189 AD3d 430, 431 [1st Dept 2020]). As to plaintiff's claimed injuries to his elbows, wrists and hands, Grayline's orthopedist found, based on his examination and plaintiff's own medical records, that plaintiff did not sustain a serious injury to those body parts causally related to the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-353 [2002]).
In opposition, plaintiff failed to raise an issue of fact, as he did not submit any admissible objective evidence of injury to any of the claimed body parts to rebut the opinion of defendant's orthopedist (see Hernandez v Cespedes, 141 AD3d 483, 484 [1st Dept 2016]; Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]). Plaintiff's MRI reports do not become admissible merely because defendants' experts reviewed them, and plaintiff cannot rely on the affirmed report of his physician to "bootstrap" the missing MRI reports into evidence (Malupa v Oppong, 106 AD3d at 539 [internal quotation marks and brackets omitted]; see Walker v Whitney, 132 AD3d 478, 478 [1st Dept 2015]). The report of plaintiff's physician set forth the results of a recent examination but did not provide the results of any examination conducted within the months after the accident or explain plaintiff's lack of any treatment for four years, rendering his opinion as to causation of plaintiff's current limitations in range of motion speculative (see Black v Gordon, 172 AD3d 580, 581 [1st [*2]Dept 2019]; Vila v Foxglove Taxi Corp, 159 AD3d 431, 431-432 [1st Dept 2018]).
Plaintiff failed to raise an issue of fact as to the 90/180-day claim in the absence of a causal connection between his claimed conditions and the subject accident and of any medical determination that he could not work during the relevant period (see Dellino, 189 AD3d at 431; Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]).
Reading Transportation were also entitled to summary judgment, because "if [a] plaintiff cannot meet the threshold for serious injury against one defendant, [he or] she cannot meet it against the other" (Boateng v Calle, 105 AD3d 541, 542 [1st Dept 2013] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022