Lyons v New York City Tr. Auth. (2022 NY Slip Op 05278)

Lyons v New York City Tr. Auth.

2022 NY Slip Op 05278

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 153430/17 Appeal No. 16264 Case No. 2021-03119 

[*1]Daniel Lyons, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Harriet Wong of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered February 9, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims that he sustained a serious injury to his cervical spine, lumbar spine, or thoracic spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff's claimed injuries to his cervical spine and lumbar spine were not causally related to the subject motor vehicle accident by submitting an affirmed report of their radiologist, who opined that the MRIs of those body parts showed degenerative conditions and no evidence of trauma (see Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]). Defendants also submitted evidence that plaintiff had previously injured his back in a prior motor vehicle accident, an MRI report by plaintiff's radiologist that found degenerative conditions in his cervical spine, and X ray reports finding scoliosis in his thoracic and lumbar spine. In addition, defendants satisfied their prima facie burden by submitting an affirmed report of their neurologist, who found that plaintiff had normal range of motion in his cervical, thoracic, and lumbar spine, and was capable of performing all his daily activities (see Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Reyes-Mendez v City of New York, 192 AD3d 464, 465 [1st Dept 2021]).
In opposition, plaintiff submitted only a report of an orthopedic expert retained by defendants who found restricted range of motion in plaintiff's cervical, thoracic, and lumbar spine, but expressed no opinion on the cause of plaintiff's spinal conditions, except to note that plaintiff made suboptimal effort on testing and did not inform him of any prior accidents or injuries. Since plaintiff offered no medical evidence to address defendants' prima facie showing that his claimed conditions were degenerative or preexisting in nature, he failed to raise an issue of fact as to whether he sustained a serious injury causally related to the subject accident (see Pommells v Perez, 4 NY3d 566, 572, 576 [2005]; Antepara v Garcia, 194 AD3d at 513-514; Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022