Ziehl v Chao Rui Zhu (2022 NY Slip Op 06777)

Ziehl v Chao Rui Zhu

2022 NY Slip Op 06777

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 27159/16E Appeal No. 16737 Case No. 2022-01480 

[*1]Brandyann Ziehl, Plaintiff-Appellant,
v
Chao Rui Zhu, et al., Defendants-Respondents.

Alpert, Slobin & Rubenstein LLP, Bronx (Morton Alpert of counsel), for appellant.
Thomas Torto, New York (Jason Levine of counsel), for respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about March 24, 2022, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she sustained a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not sustain a serious injury to her cervical spine, lumbar spine, or other claimed injured parts of her body by submitting the reports of an orthopedic surgeon and a neurologist finding normal ranges of motion, negative clinical test results, absence of any neurological disability, and resolved strains and sprains (see Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]). Defendants also made a prima facie showing that the injuries were not causally related to the accident by submitting the report of a radiologist, who, upon a review of the MRIs of plaintiff's cervical and lumbar spine, observed only disc desiccation and minimal disc bulging, and concluded that those conditions were degenerative in nature (see Antepara, 194 AD3d at 513; Auquilla v Singh, 162 AD3d 463, 463 [1st Dept 2018]). Defendants further demonstrated prima facie absence of causation through plaintiff's testimony that she ceased treatment for her injuries five months after the accident (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact. The only evidence plaintiff submitted was the report of a chiropractor who examined her once shortly after the accident and again seven years later. Plaintiff's failure to provide an adequate explanation for this seven-year gap in treatment rendered speculative the chiropractor's opinion with respect to severity, permanency, and causation (see Alston v Elliott, 159 AD3d 575, 576 [1st Dept 2018]; Vila v Foxglove Taxi Corp., 159 AD3d 431, 432 [1st Dept 2018]). The absence of a reasonable explanation for what was in fact a cessation of treatment also severed the causal link between the accident and the claimed persisting injuries (see Pommells, 4 NY3d at 574; Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). Rather, the evidence showing that plaintiff returned to work days after the accident and ceased treatment within five months demonstrated that she sustained only minor injuries, and not a "significant" or "permanent consequential" limitation of use of her spine, as a result of the accident (see Alston, 159 AD3d at 576; see also Gaddy v Eyler, 79 NY2d 955, 957 [1992]).
Because plaintiff submitted no medical evidence to support her claims of injury in her left hand, shoulder, leg, and hip, those claims were properly dismissed (see Vishevnik v Bouna, 147 AD3d 657, 658 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022