Cinelli v Greyhound Lines, Inc. (2022 NY Slip Op 07182)

Cinelli v Greyhound Lines, Inc.

2022 NY Slip Op 07182

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 159788/16 Appeal No. 16926 Case No. 2021-02892 

[*1]Thomas Cinelli, Plaintiff-Appellant-Respondent,
v
Greyhound Lines, Inc. et al., Defendants-Respondents-Appellants.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Cynthia Holfester Neugebauer of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 22, 2021, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he sustained injuries to his lumbar spine and left hip, including an impaction fracture, as a result of an incident that occurred in June 2016 when he was a passenger on defendant Greyhound's bus, and an unsecured handicapped accessible seat slid back and struck his knees.
Defendants demonstrated prima facie that plaintiff's claimed lumbar spine injuries were preexisting through submission of a 2012 MRI report showing that plaintiff had the same claimed disc herniations and bulges four years before the accident. As for the claimed left hip injury, defendants' orthopedic expert personally reviewed plaintiff's MRI films, as well as his medical records showing a prior hip replacement surgery and pain and limitations in use predating the incident, and opined that plaintiff did not sustain any fracture, tear or other injury as a result of the June 2016 incident and that there was no objective evidence of any other injury causally related to that incident (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to rebut defendants' prima facie showing that his lumbar spine and left hip injuries were preexisting. He submitted unsworn and unaffirmed medical records and MRI reports, which were not relied upon by defendant's expert who reviewed the MRI films independently, and therefore were inadmissible (see Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]; Barner v Shahid, 73 AD3d 593, 594 [1st Dept 2010]). The affirmation of plaintiff's physician which "recite[d] the findings in the unaffirmed reports," could not be used to "bootstrap" the unaffirmed MRI reports into evidence (Malupa at 539). The report of plaintiff's physician, who first examined him nearly four years after the incident, was insufficient to raise an issue of fact as to causation (see Khan v Goldmag Hacking Corp., 149 AD3d 403, 404 [1st Dept 2017]). In particular, the physician failed to specifically address and explain why plaintiff's limitations were not related to his left hip replacement surgery, as opposed to the subject incident (see Pommells v Perez, 4 NY3d 566 [2005]; Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]). Nor did he provide any basis for finding an aggravation of those preexisting left hip conditions (see Hessing v Carroll, 161 AD3d 462, 463 [1st Dept 2018]). Plaintiff's physician also failed to acknowledge that an MRI of the lumbar spine taken four years before the incident, showed a preexisting condition, or to provide any basis for his opinion that the incident had caused plaintiff's lumbar spine injury (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022