Ledesma v Rodriguez (2023 NY Slip Op 02975)

Ledesma v Rodriguez

2023 NY Slip Op 02975

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 31267/18E Appeal No. 391 Case No. 2022-04511 

[*1]Robert Ledesma, Plaintiff-Appellant,
v
Reynaldo Rodriguez et al., Defendants-Respondents.

Law Office of Hermann P. Gruber, P.C., Massapequa (Hermann P. Gruber of counsel), for appellant.
Baker, McEvoy & Moskovits, Brooklyn (Majorie E. Bornes of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 27, 2022, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff's claimed injuries were not causally related to the accident by submitting a report of a radiologist, who, upon a review of CT scans of plaintiff's cervical and lumbar spine, observed conditions, including osteophytes, which he opined were chronic and degenerative in nature (see Auquilla v Singh, 162 AD3d 463, 463 [1st Dept 2018]; Sosa-Sanchez v Reyes, 162 AD3d 414, 414 [1st Dept 2018]). Defendants also submitted a report of an orthopedist who found absence of range of motion limitations, tenderness to palpation, or other positive findings upon examination of plaintiff's lumbar and cervical spine (see Ziehl v Chao Rui Zhu, 210 AD3d 612, 612 [1st Dept 2022]; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]), and plaintiff's deposition testimony concerning subsequent accidents (see Pommells v Perez, 4 NY3d 566, 572 [2005]; Auquilla, 162 AD3d at 463).
In opposition, plaintiff failed to raise a triable issue of fact, as his radiologist's report of the CT scans noted findings of degenerative conditions, including osteophytes, and his medical experts did not address those conditions or explain why they were not the cause of his injuries (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509, 509-510 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Auquilla, 162 AD3d at 464). In addition, plaintiff did not submit admissible evidence of limitations in range of motion contemporaneous with the accident, which undermines his claim that he sustained a causally related injury (see Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]).
Because plaintiff failed to raise a triable issue of fact as to causation, his 90/180-day claim also fails (see Sosa-Sanchez, 162 AD3d at 415). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023