Torres v Rivera (2023 NY Slip Op 04834)

Torres v Rivera

2023 NY Slip Op 04834

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 303250/14 Appeal No. 647 Case No. 2023-01199 

[*1]Alejandro Torres, Plaintiff-Appellant,
v
Abraham Rivera, Defendant-Respondent.

Law Offices of Regis A. Gallet, LLC, Forest Hills (Regis A. Gallet of counsel), for appellant.
Sobel Pevzner, LLC, New York (Busra Cundioglu of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered September 9, 2022, which, to the extent appealed from as limited by the briefs, upon renewal, granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant satisfied his prima facie burden of showing that plaintiff did not sustain a serious injury to his left shoulder, cervical spine, or lumbar spine as a result of the subject December 2013 motor vehicle accident. Defendant relied on the reports of an orthopedic surgeon who found full range of motion or only slight limitations, and opined that plaintiff's alleged injuries had resolved (see Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]), and of radiologists, who found that the MRIs of plaintiff's claimed injured body parts showed conditions that were pre-existing and longstanding, and not causally related to the accident (see Lyons v New York City Tr. Auth., 208 AD3d 1105, 1105 [1st Dept 2022]; Marcelo v Fabius, 195 AD3d 472, 473 [1st Dept 2021]). Defendant also submitted, among other things, plaintiff's own medical records documenting pre-existing arthritis and other degenerative conditions in his lumbar and cervical spine, and documents showing that in 2016 plaintiff claimed to have suffered a work-related injury to his lumbar spine.
In opposition to defendant's motion, plaintiff failed to raise an issue of fact. The only admissible medical record submitted by plaintiff was the report of a doctor who examined him seven years after the accident. Without any admissible evidence of plaintiff's condition and treatment contemporaneous with the accident, the examination seven years after the accident was insufficient to connect his symptoms to the accident (see Blake v Sanchez, 198 AD3d 527, 527-528 [1st Dept 2021]; Jung Ung Moon v Kumbee Ree P Some, 189 AD3d 628, 630 [1st Dept 2020]). Furthermore, while plaintiff's doctor averred that he had personally reviewed plaintiff's MRI films and adopted the findings of previous radiologists, rendering those reports admissible (see Thompson v Abbasi, 15 AD3d 95 [1st Dept 2005]), plaintiff's other medical records did not become admissible merely because defendant's expert reviewed them (Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]). Moreover, plaintiff's expert did not acknowledge the findings in plaintiff's own medical records of preexisting arthritis and
degeneration in the cervical and lumbar spine or explain why the preexisting conditions could not be ruled out as the cause of plaintiff's claimed injuries (see Antepara v Garcia, 194 AD3d at 513; Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023