Rosado v Haidara (2024 NY Slip Op 00939)

Rosado v Haidara

2024 NY Slip Op 00939

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 32753/19 Appeal No. 1731 Case No. 2023-02972 

[*1]Nicholas V. Rosado, Plaintiff-Appellant,
v
Mamadi Haidara et al., Defendants-Respondents.

Michael H. Zhu, P.C., New York (Michael H. Zhu of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered March 28, 2023, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established their prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical or lumbar spine by relying on the report of their orthopedic surgeon, who found that plaintiff had normal range of motion and that there was no objective evidence of disability or permanency (see Hall v Uber Tech., Inc., 221 AD3d 503, 504 [1st Dept 2023]; Newell v Javier, 220 AD3d 487, 487 [1st Dept 2023]). Defendants also met their burden by relying on evidence that plaintiff previously sustained a back injury in another accident and submitting the report of their radiologist, who opined that the MRIs of the body parts showed longstanding conditions with no evidence of trauma, thereby defeating the claim of causal connection between this accident and plaintiff's injuries (see Lyons v New York City Tr. Auth., 208 AD3d 1105, 1105 [1st Dept 2022]; Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]).
In opposition, plaintiff failed to raise an issue of fact, as the only evidence he submitted was an unsigned report of a treating physician (see Gblah v New York City Tr. Auth., 173 AD3d 622, 623 [1st Dept 2019]). Even if that report could be considered because defendants waived the issue by failing to object (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]), the report was insufficient to raise an issue of fact. The report was based on a single examination of plaintiff more than four years after the accident and after his last treatment, and did not address plaintiff's prior accident or his medical condition contemporaneous with the accident. Therefore, it was too remote in time to establish a causal link between plaintiff's current limitations and the accident (see Pommells v Perez, 4 NY3d 566, 576, 579 [2005]; Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Reyes-Mendez v City of New York, 192 AD3d 464, 465 [1st Dept 2021]; Blake v Sanchez, 198 AD3d 527, 527-528 [1st Dept 2021]).
Defendants are entitled to dismissal of the 90/180-day claim in the absence of a causal connection between plaintiff's claimed injuries and the subject accident (see Dellino v Puello, 189 AD3d 430, 431 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024