Peart v Carreras (2024 NY Slip Op 02600)

Peart v Carreras

2024 NY Slip Op 02600

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 802259/21 Appeal No. 2230 Case No. 2023-05026 

[*1]Dwight Peart, Plaintiff-Appellant,
v
Andrew Carreras et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco LLP, New York (Greg Freedman of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Kristen A. Carroll of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 21, 2023, which granted defendants' motion for summary judgment dismissing the complaint on grounds that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants met their prima facie burden by submitting the medical report of their orthopedic surgery expert, who found normal ranges of motion in plaintiff's cervical spine, lumbar spine, thoracic spine, and left shoulder with no evidence of tenderness or other abnormality (see Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]; Rodriguez v Konate, 161 AD3d 565, 566 [1st Dept 2018]). Upon review of plaintiff's MRIs, defendant's expert concluded that there was no evidence of acute spinal injury or left shoulder injury and that any injuries were degenerative in nature and not causally related to the accident (see Sooknanan v Pinales, 215 AD3d 608, 608 [1st Dept 2023]). Defendant's biomechanical engineering expert also opined that, based on his analysis, the low impact of the subject accident could not have caused plaintiff's claimed injuries (see Osorio v Punjab Enter., Inc., 215 AD3d 494, 494 [1st Dept 2023]; Holmes v Brini Tr. Inc., 123 AD3d 628, 628 [1st Dept 2014]). In addition, defendants submitted plaintiff's testimony, in which he stated that he ceased treatment for his symptoms within eight months of the accident (see Green v Domino's Pizza, LLC, 140 AD3d 546, 547 [1st Dept 2016]).
In opposition, plaintiff failed to raise a triable issue of fact, as his medical records contain no objective evidence of qualitative or quantitative limitations in any of the affected body parts that were contemporaneous with the accident (see Natera v Veloz Livery Rentals, Inc., 206 AD3d 428, 429 [1st Dept 2022]; see also Henchy v VAS Express Corp., 115 AD3d 478, 479 [1st Dept 2014]). Plaintiff's only submission was a report of a pain management physician, who examined him on one occasion more than two years after the accident (see Atkinson v Oliver, 36 AD3d 552, 552 [1st Dept 2007]). We note that this examination also took place a year and a half after plaintiff ceased all treatment for his symptoms (see Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). Without any admissible evidence of plaintiff's condition and treatment contemporaneous with the accident, the examination years after the accident was "insufficient to reliably connect his current symptoms to the accident" (Blake v Sanchez, 198 AD3d 527, 527-528 [1st Dept 2021]). Finally, plaintiff offered no explanation for his cessation of treatment, which interrupts the chain of causation and renders his physician's finding of permanency speculative (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Arias v Martinez, 176 AD3d 548, 549 [1st Dept 2019]).
Defendants met their prima facie burden with respect to plaintiff's 90/180-day claim, as plaintiff testified that he was unable to work for only six weeks [*2]after the accident (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]; see also Onishi v N & B Taxi, Inc., 51 AD3d 594, 595 [1st Dept 2008]). Indeed, plaintiff continued to work at least 40 hours per week in his same capacity as a signal maintainer for MTA within a few months of the accident (see Tsamos v Diaz, 81 AD3d 546, 547 [1st Dept 2011]), and did not show that he was curtailed from performing his usual activities to a great extent (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541, 542 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024